FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 20, 2020

SEAN F. McAVOY, CLERK

1

2

3      UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF WASHINGTON

4

5    MICHAEL ROBINS,                    No.   2:19-cv-00299-SMJ

                          Plaintiff,    **ORDER DENYING**
6                                       **DEFENDANT'S MOTION FOR**
                                        **SUMMARY JUDGMENT**
7            v.

8    CITY OF EAST WENATCHEE d/b/a
     East Wenatchee Police Department,

9                          Defendant.

10

11         Before the Court, without oral argument, is Defendant City of East

12   Wenatchee, doing business as East Wenatchee Police Department ("the

13   Department")'s Motion for Summary Judgment, ECF No. 17. Plaintiff Michael

14   Robins sued the Department, alleging it denied him a promotion from police officer

15   to detective because of his age. For the reasons below, the Court finds that a genuine

16   dispute of material fact as to pretext precludes summary judgment and denies the

17   motion.

18                          **BACKGROUND**

19         Robins has worked as a police officer with the East Wenatchee Police

20   Department ("the Department") since February 2006. ECF No. 1-1 at 3. In

     November 2017, Robins, 58 years old at the time, applied for a position in the

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 1

Detective Division. Three other Officers applied for the job: Officer James B. Johnson (42 years old), Officer Joseph Hinkle (58 years old), and Officer Miguel Valdez (33 years old). ECF No. 45-17 at 2. Chief John R. Harrison, Assistant Chief Ray Coble, and Detective Darin Darnell ("the Interview Committee") evaluated the candidates. *See* ECF No. 45-17 at 2. Although all three were involved in the decision-making process, Chief Harrison made the final determination. *See* ECF No. 45-17 at 2–3. The Department selected Officer Johnson[1] for the Detective position. *See* ECF No. 45-17 at 2.

## LEGAL STANDARD

### A. Summary Judgment

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572

---

[1] For clarity, this Order will refer to him as Officer Johnson throughout, despite his intervening promotion.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 2

U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess witness credibility or weigh the evidence. *See id.* Yet the nonmoving party may not rest on the mere allegations or denials of its pleading but must instead set forth specific facts, and point to substantial probative evidence, tending to support its case and showing a genuine issue requires resolution by the finder of fact. *See Anderson*, 477 U.S. at 248–49.

## B.    Age Discrimination

The ADEA makes it unlawful for an employer to discriminate "because of [an] individual's age." 29 U.S.C. § 623(a)(1). The prohibition is "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a). To prevail on a claim for age discrimination under the ADEA, a plaintiff must prove at trial that age was the "but-for" cause of the employer's adverse action. *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343, 2350 (2009). "Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Id.* at 2349.

Courts apply the *McDonnell Douglas* test at the summary judgment stage of a suit brought under the ADEA when a plaintiff seeks to establish discrimination through indirect evidence. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th

Cir.2002). First, plaintiff must establish a prima facie case of age discrimination. Once plaintiff makes a prima facie case, the *McDonnell Douglas* test shifts the burden of production to the defendant. *Shelley v. Geren*, 666 F.3d 599, 607–08 (9th Cir. 2012). If defendant offers a legitimate, nondiscriminatory reason for the adverse employment action, plaintiff must then raise a triable issue of material fact as to whether the defendant's proffered reasons for their terminations are mere pretext for unlawful discrimination. *Id.* at 608. The Court should not act as part of the hiring committee. The employer need not have chosen the *best* candidate for the position. They just cannot have made the decision based on age discrimination.

### 1.    The Prima Facie Case

A "prima facie case requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308 (1996) (internal quotation marks and alterations omitted).

In a failure-to-promote case, a plaintiff may establish a prima facie case of discrimination in violation of the ADEA by producing evidence that they were (1) at least forty years old, (2) qualified for the position for which they applied, (3) denied the position, and (4) the promotion was given to a substantially younger person. *Shelley*, 666 F.3d at 608; *See also O'Connor,* 517 U.S. at 313 ("Because the ADEA prohibits discrimination on the basis of age and not class membership, the

fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.").

## 2.    Legitimate, Nondiscriminatory Reason

The burden of production then shifts to the defendant to provide a nondiscriminatory explanation for its hiring decisions. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1281 (9th Cir. 2000), *cert. denied sub nom.* 533 U.S. 950 (2001). The burden of production is quite low, defendant need only to produce a facially valid explanation for the adverse employment decision. *See Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201 (9th Cir. 2008).

## 3.    Pretext

Once defendant articulates a legitimate nondiscriminatory reason for the adverse employment decision, the burden shifts back to plaintiff to raise a genuine factual question on whether the proffered reason is pretextual. *Shelley*, 666 F.3d at 609. The plaintiff can prove pretext "(1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis, Bd. Of Trustees,* 225 F.3d 1115, 1124 (9th Cir. 2000). "At this point in the analysis, the presumption of unlawful discrimination simply drops out of the picture."

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 5

1  *Coleman,* 232 F.3d at 1282 (internal quotations and citations omitted). The Court

2  must consider all the evidence—whether direct or indirect—cumulatively. *Id.*

3  ## DISCUSSION

4  **A.    Robins has established a prima facie case of age discrimination**

5  At 58-years old, the ADEA protects Robins. The parties agree that he was

6  qualified for the Detective position and that the Department denied him the position.

7  Officer Johnson, who the Department chose for the position, is sixteen years

8  younger—substantially younger—than Robins. *See O'Connor*, 517 U.S. at 312.

9  Robins has thus established a prima facie case of age discrimination.

10  **B.    The Department has offered a legitimate, nondiscriminatory reason for
11  the adverse employment action**

12  The Department has offered several legitimate, nondiscriminatory reasons

13  for not choosing Robins for the Detective position. The Department points to the

14  2016 performance evaluations of Robins and Officer Johnson, which show Officer

15  Johnson scoring higher. In 2016, Robins scored a two out of five on the "Attitude"

16  category of his performance evaluation. The comments noted that he "often speaks

17  negatively about his coworkers," creating a "negative work atmosphere." ECF No.

18  18-1 at 16. For similar reasons, he also received a score of two on the "Cooperation

19  with Supervisor/Management" and "Cooperation with Peers" categories. Robins

20  did not score above a three in any category in 2016. ECF No. 45-12 at 2–3.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 6

The Department also asserts evidence that Robins was openly and unproductively critical of fellow officers and Department policy, rising to the level of insubordination at times. *See* ECF No. 45-17 at 3. The Department also asserts that Robins refused to mentor younger officers. ECF No. 18-1 at 20. Robins's superiors have expressed that Robins has a poor work ethic, he often asked others to do his work, he had never executed or served a search warrant, and he lacked attention to detail. ECF No. 45-17 at 3.[2]

These are facially legitimate explanations for deciding not to choose Robins for the Detective position.

## C.    Robins has established a genuine issue of material fact as to pretext

### 1.    Evidence that the Proffered Reasons Were Not the True Reasons for the Hiring Decision

Robins argues that the Department's proffered reasons are a pretext. He argues that of the four candidates for the Detective position, he had worked for the Department for the longest time. The Department hired Robins on February 3, 2006

---

[2] Defendant also cites Robins's grievance filed with the City (related to the hiring decision at issue here) as evidence of his lack of attention to detail because it contains several misspelled words. ECF No. 18-1 at 7. Although this report was drafted the hiring decision and so the Interview Committee could not have used it as a basis for the decision, it does tend to support the assertion that Robins lacks attention to detail.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 7

1  and Officer Johnson on May 3, 2007.[3] ECF No. 18-1 at 3. Both Robins and Officer

2  Johnson, then, had worked at the Department for over a decade when the position

3  opened. But Robins also had the most experience, having worked as a police officer

4  since 1995.[4] Robins submitted seven training certificates to support his application,

5  while Officer Johnson submitted five, and Officers Hinkle and Valdez submitted

6  none. ECF No. 45-8; ECF No. 45-9; ECF No. 45-10 at 3–7; ECF No. 45-11 at 4–7.

7  While Robins was on "light duty" while recovering from an injury, he had worked

8  with the detective division, albeit in a limited capacity. ECF No. 45-3 at 34–35.

9  Detective Darnell does not remember any complaints about Robins's work in the

10  detective division. ECF No. 45-4 at 33. Supervisors even tasked Robins with

11  training Officer Valdez—two of the Interview Committee's first choice for the

12  Detective position—when the Department first hired Officer Valdez in 2017. ECF

13  No. 45-5 at 9.

14      Robins also takes issue with the characterization of his work performance by

15  the Interview Committee and points out that many of his purported shortcomings

16  are shared by Officer Johnson, who received the Detective position. After receiving

---

[3] The Department hired Officer Valdez on April 5, 2017 and Officer Hinkle on April 1, 2008. ECF No. 18-1 at 3.

[4] The Pacific County Sheriff's Office hired Robins as a full-time Deputy in February 1995. Before that, according to his resume, he had worked as a Provisional Deputy with Douglas County since August 1993 and a Reserve Deputy with Wenatchee Police Department from April 1989 to July 1992 and Douglas County Sheriff's Office from July 1992 to February 1995. ECF No. 45-11 at 2.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 8

negative comments on his 2016 Performance Evaluation, Robins wrote a response, attached to the evaluation, stating that the negative remarks arose from his "willing[ness] to speak up about the concerns [he] ha[s] that co-workers may be involved in illegal actions or violating citizens' rights" rather than a bad attitude. ECF No. 45-12 at 5. His response argues that he has positive relationships with most of his coworkers. ECF No. 45-12 at 6. The response did not sway his supervisor, and an addendum notes that his evaluation would stay the same, despite Robins's dissent. ECF No. 45-12 at 7. But even Officer Johnson stated that "Mike Robins is a pillar in the department . . . Mike is very proactive . . . He doesn't slough off calls . . . Based on my many years knowing Mike, he is not lazy or sloppy."[5] ECF No. 45-7 at 2.  Yet Assistant Chief Coble also stated that Officer Johnson struggled at times with report writing. ECF No. 45-3 at 24. He has had to return reports to Officer Johnson because they contain run-on sentences, no delineation of

---

[5] Robins also presents evidence from 2017 performance review stating that Robins "has a vast knowledge and skill set to perform the job" and is "a team player." ECF No. 45-13 at 3. The supervisor states that he sent Robins to more complex calls because he "knew that [Robins] would get it done thoroughly and correctly." ECF No. 45-13 at 3. This evaluation, although completed after the hiring process at issue, remarks upon the period immediately preceding the hiring, which took place in November 2017. In his 2018 evaluation, Robins's supervisor even stated that Robins "handles the lions share [sic] of our difficult investigations and sensitive type calls" and "completes these reports with minimal errors or input and turns them in completed and on time at a far greater rate than his team mates." ECF No. 45-14 at 2. Although this evaluation took place after the hiring at issue, a jury might consider it persuasive in discerning Robins's earlier performance.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 9

paragraphs, and other grammar issues that affected understandability. *Id.* Detective Darnell has said that Officer Johnson struggles with his knowledge base. ECF No. 45-4 at 24. *See Shelley*, 666 F.3d at 610–612 (finding a genuine issue of fact where the chosen candidate displayed some of the same shortcomings as the plaintiff and plaintiff had more experience than the chosen candidate).

Robins also argues the Department manufactured the proffered reasons in response to the claims of discrimination. He presents evidence that the Interview Committee did not consider the 2016 performance evaluations. *See* ECF No. 45-2 at 27, 30–31 (Chief Harrison has no independent recollection of reviewing the 2016 performance evaluations side-by-side before choosing Officer Johnson).[6] In fact, Robins presents evidence that Detective Darnell did not review any materials (i.e., the candidates' applications for the position and performance evaluations), or even conduct any interviews before deciding to recommend Officer Valdez, even though rarely observed Robins work. *See* ECF No. 45-2 at 10; ECF No. 45-4 at 12–13; ECF No. 45-4 at 16. Robins also presents evidence that Assistant Chief Coble did not review any of the applicants' personnel files before making his recommendation to

---

[6] Because Assistant Chief Coble and Chief Harrison sign the Performance Evaluations, they at least saw them when they were prepared. ECF No. 45-12 at 4. And Chief Harrison's and Assistant's Declarations state that they reviewed the Performance Evaluations during the selection process. ECF No. 18-1 at 5; ECF No. 18-2 at 4. But the Interview Committee did not review the evaluations before making their recommendations and decisions, especially not side-by-side, so a jury should decide this issue.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 10

1  Chief Harrison. *See* ECF No. 45-2 at 28; ECF No. 45-3 at 33. In turn, Chief Harrison

2  had very little direct interaction with the candidates in their day-to-day work and

3  had little knowledge of their performance. ECF No. 45-2 at 5 (Chief Harrison had

4  limited firsthand interactions with officers); *see also* ECF No. 45-2 at 10 (Chief

5  Harrison has no independent recollection of reviewing the personnel files before

6  choosing Officer Johnson).

7  **2.    Evidence that Age Was the True Reason for the Hiring Decision**

8  Robins argues that indirect evidence supports his assertion that the Interview

9  Committee discriminated based on Robins's age. Robins points to the fact that after

10  the application period for the Detective position had closed, Detective Darnell

11  approached Officer Valdez (33 years old) to personally encourage him to apply.

12  ECF No. 45-2 at 13; ECF No. 45-4 at 3. Despite his limited experience—the

13  Department had hired him earlier that year—both Assistant Chief Coble and

14  Detective Darnell chose him as their first choice for the position. *See* ECF No. 45-

15  17 at 3. In fact, Officer Valdez (33 years old) and Officer Johnson (42 years old)

16  were the top choices of all the members of the Interview Committee,[7] and Robins

17  and Officer Hinkle (both 58 years old) were not finalists for any member of the

18  committee.

19

20  [7] Officer Johnson Chief Harrison's first choice and Assistant Chief Coble and
Detective Darnell's second choice. Chief Harrison did not express a second choice.
*See* ECF No. 45-17 at 3.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 11

The Interview Committee asked each candidate where he sees himself in five years. *See* ECF No. 45-16. Because of their age, both Robins and Officer Hinkle answered that they hoped to have retired. ECF No. 45-4 at 35; ECF No. 45-16 at 7–12, 19–24. Detective Darnell has stated that he felt that Officer Robins and Officer Hinkle were "nuts" for not having retired by 53 years old. ECF No. 45-4 at 11. Detective Darnell even says he "got a chuckle out of" Robins's answer to this question. ECF No. 45-4 at 35.

Outside the hiring process at issue, Robins presents evidence of age bias. Both Officer Hinkle and Robins assert that Assistant Chief Coble treats older officers poorly. *See* ECF No. 45-5 at 7 (Assistant Chief Coble harassed Officer Leyde, an older officer); ECF No. 45-6 at 3 (Assistant Chief Coble favored younger officers, harassed older officers).[8]

### 3.    Cumulative Effect of the Evidence

While the Department points to the 2016 performance evaluations as an objective difference between Robins and Officer Johnson that justified their decision, the evidence taken together, viewed in the light most favorable to Robins, the nonmoving party, creates a genuine issue of fact on pretext. "[S]ubjective [employment] practices are particularly susceptible to discriminatory abuse and

---

[8] Robins also argues that Detective Darnell shows signs of bias against older officers. Because Robins did not attach Interrogatory 3 as an Exhibit, the Court did not consider this argument.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 12

should be closely scrutinized." *Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1481 (9th Cir. 1987). Here, the Department had no policies or procedures for the selection process, endowing the Interview Committee with a great deal of discretion. ECF No. 45-2 at 17. The Interview Committee used no standards or rubric against which to compare the candidates. ECF No. 45-4 at 14–15.

Robins has presented evidence that the members of the Interview Committee had decided who to recommend before reviewing the application materials and conducting interviews. That, combined with the indirect evidence of age bias, could lead a reasonable jury to find that the Department's proffered legitimate, nondiscriminatory reasons for the hiring decision are pretext. As a result, judgment as a matter of law in favor of Defendants is inappropriate.

## CONCLUSION

Genuine disputes of material fact exist as to whether Robins has established pretext. His age discrimination claim, then, should be presented to a jury at trial. This Court denies the Department's Motion for Summary Judgment.

//

//

//

//

//

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 13

1    Accordingly, **IT IS HEREBY ORDERED**:

2    Defendant's Motion for Summary Judgment, **ECF No. 17**, is

3    **DENIED**.

4    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

5 provide copies to all counsel.

6    **DATED** this 20th day of September 2020.

7    _____
     SALVADOR MENDOZA, JR.

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 14